Joel E. Tasca, Esq.
Nevada Bar No. 14124
Ballard Spahr LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: (702) 471-7000
Facsimile:  (702) 471-7070
tasca@ballardspahr.com

*Attorneys for Defendant*
*Caption Call LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRENDA BRADY, on behalf of herself and all others similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> CAPTIONCALL LLC; DOES 1 through 50; inclusive; <br><br> Defendant(s). | Case No.: <br><br> **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1453, Defendant Caption Call LLC ("Caption Call"), by and through its undersigned counsel, hereby gives notice of removal of this action, currently pending in the Eighth Judicial District Court – Clark County, to the United States District Court for the District of Nevada based on the following grounds:

**I.   Background**

1. On or about November 24, 2021, Plaintiff Brenda Brady ("Plaintiff") filed a civil complaint (the "Complaint") in the Eighth Judicial District Court – Clark County styled *Brenda Brady, on behalf of herself and all others similarly situated v. CaptionCall LLC; Does 1 through 50; inclusive*, Civil Case No. A-21-844556 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), Caption Call has attached all pleadings filed and served upon it in the State Court Action as Exhibit A.

2. Caption Call accepted service in the State Court Action on December 29, 2021.

1

3. Plaintiff's Complaint asserts claims against Caption Call for alleged failure to pay overtime in violation of NRS 608.018 and 608140, and failure to timely pay all wages due and owing in violation of NRS 608.020-020 and 608.140. *See* Ex A., ¶¶ 27-41.

## II.   TIMELINESS OF REMOVAL

4. Counsel for Caption Call formally accepted service of the Complaint on December 29, 2021.

5. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446. *See Pilot Trading Co. v. Hartford Ins. Group*, 946 F. Supp. 834, 839 (D. Nev. 1996) ("the time for removal starts running (under the Nevada statutory agent law) at the time of actual receipt of the complaint.")

## II.   JURISDICTION

6. Plaintiff's Complaint is removable to this Court, and this Court has jurisdiction over this action, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1453, because, as discussed below, this is a putative class action involving more than 100 putative class members, the aggregate amount in controversy, excluding interest and costs, exceeds $5,000,000, and there is minimal diversity.

7. This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id*. Plaintiff titles her Complaint a "Class Action Complaint" and expressly seeks certification of two different classes of Caption Call's Nevada employees. *See* Ex. A, ¶¶ 23-25. As such, this action is brought on behalf of a class as defined by CAFA.

8. CAFA reflects Congress's intent to have federal rather than state courts adjudicate substantial class action suits brought against out-of-state defendants. This suit satisfies all the requirements under CAFA for federal jurisdiction: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from some Defendant;

(3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (4) the exceptions to CAFA jurisdiction do not apply here.  28 U.S.C. § 1332(d).

### Putative Class Exceeds 100 Members

9. CAFA requires that the class consist of at least 100 persons.  28 U.S.C. §1332(d)(5).

10. Although Plaintiff only alleges that there are "in excess of 40" potential class members, Caption Call records reveal at least 100 potential class members. *See* Declaration of Edna Nomura ("Nomura Dec."), attached hereto as Exhibit B, ¶ 3.  Thus, the requirement that the number of members of the putative class exceed 100 has been met.

### There is Minimal Diversity of Citizenship to Establish CAFA Jurisdiction

11. At the time this lawsuit was filed and as of the date of this Notice of Removal, a member of the proposed class of plaintiffs and a defendant are citizens of different states, satisfying the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A).  At the time this lawsuit was filed and as of the date of this Notice of Removal, Caption Call was and is a non-Nevada citizen, being organized under the laws of Utah and with its principal place of business in Utah. Ex. B, ¶ 2.  And, at the time of the commencement of this action and as of the date of this Notice of Removal, the named plaintiff, Brenda Brady, was alleged to be and is a citizen of Nevada.  Ex. A ¶ 6.

### The CAFA Amount in Controversy Requirement is Satisfied

12. CAFA confers original jurisdiction to the district courts "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- any member of the class of plaintiffs is a citizen of a State different from any defendant." *Baumann v. Chase Inv. Services Corp.*, 747 F.3d 1117, 1120 (9th Cir. 2014) (quoting 28 U.S.C. § 1332(d)(2)-(A)).  The Ninth Circuit has held that a defendant seeking removal of a putative class action must demonstrate, but only by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013).  "No antiremoval presumption attends cases invoking CAFA,

which Congress enacted to facilitate adjudication of certain class actions in federal court." *Sarro v. Nev. State Bank,* No. 2:16-cv-01756-GMN-GWF, 2016 U.S. Dist. LEXIS 162988, at *5 (D. Nev. Nov. 23, 2016*) (quoting Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)).

13. A removing defendant need not submit detailed evidence with its removal notice, but need only show plausibly that removal jurisdiction exists. *Dart*, 135 S. Ct. at 554.

14. The Complaint does not specify the dollar amount sought. However, Caption Call estimates that, over the past three years, the total dollar amount that Plaintiff seeks on behalf of herself and the Waiting Time Wage Class and the Nevada Overtime Class is in excess of $5 million. Ex. B, ¶ 3.

15. But in addition, Plaintiff has expressly requested punitive damages. While Caption Call disputes that Plaintiff is entitled to any damages at all, in the Ninth Circuit, punitive damages are considered in determining the amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Nevada provides for recovery of punitive damages where "it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." Nev. Rev. Stat. § 42.005. Plaintiff's allegation that Caption Call's conduct in failure to timely pay wages was "willful," falls under the ambit of NRS § 42.005. Ex. A ¶ 40.

16. With respect to the amount of punitive damages potentially available, NRS 42.005 generally limits punitive damages to three times compensatory damages of $100,000 or more and $300,000 for compensatory damages of less than $100,000. The Nevada Supreme Court has stated that a ratio of punitive damages to compensatory damages of approximately 2.8:1 is "well within the accepted ratios" of awards. *Wyeth v. Rowatt*, 244 P.3d 765, 785 (Nev. 2010). Thus, given the possible amount of economic damages in this case, the punitive damages multiplier sought by Plaintiff would raise the amount in controversy above the $5 million threshold.

17. Further, Plaintiff seeks attorneys' fees in her Complaint. Attorneys' fees are considered in determining the amount in controversy where provided for by contract or statute. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such

4

1 fees may be included in the amount in controversy." (quoting *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998))). Plaintiff has brought a claim for failure to timely pay wages, under which attorneys' fees are explicitly available. NRS § 608.140 ( . . . "the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee . . ."). The potential for attorneys' fees in this case could be substantial. Given the class allegations, the work of Plaintiff's attorneys will undoubtedly consume hundreds of billable hours, and these potential fees further add to the amount in controversy.

18. For all the foregoing reasons, the $5,000,000 CAFA amount in controversy requirement is satisfied here.

**The Exceptions to CAFA Do Not Apply**

19. As a threshold matter, Plaintiff bears the burden of establishing any applicable exceptions to CAFA jurisdiction. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007) (reversing district court and joining sister circuits that have addressed this issue in holding that the party seeking to remand the case to state court bears the burden of establishing the exceptions to CAFA).

20. CAFA provides two mandatory exceptions and one discretionary exception to the application of federal jurisdiction. 28 U.S.C. § 1332(d)(3)-(4). In this case, none of these exceptions apply. Each CAFA exception requires, as a starting point, an in-state Defendant. 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant (local controversy exception) or requiring the "primary defendant" to be an in-state one ("home state" and discretionary exceptions)). Here, Caption Call is a non-resident, Utah LLC. As such, none of the CAFA exceptions can possibly apply here.

21. Accordingly, because the CAFA prerequisites are met and none of the exceptions apply, this case is properly removable under CAFA.

Dated: January 28, 2022.

BALLARD SPAHR LLP

By: /s/ Joel E. Tasca
    Joel E. Tasca, Esq.
    Nevada Bar No. 14124
    1980 Festival Plaza Drive, Suite 900
    Las Vegas, NV 89135

# CERTIFICATE OF SERVICE

I certify that on January 28, 2022, I served the foregoing **NOTICE OF REMOVAL** on the following parties registered to receive service pursuant to the Court's e-filing and e-service system and via e-mail and U.S. Mailk:

Kaine Messer
Gabroy Law Offices
The District at Green Valley Ranch
170 S. Green Valley Pkwy, Suite 280
Henderson, Nevada 89012
kmesser@gabroy.com

*Attorneys for Plaintiff*

/s/ Joel Tasca
An employee of BALLARD SPAHR LLP

6