UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BRENDA BRADY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CAPTIONCALL LLC; DOES 1 through 50; inclusive,<br><br>Defendant. | Case No. 2:22-cv-00164-ART-NJK<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT** |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

The above-referenced putative class action ("Action") having come before the Court on January 30, 2025, for a hearing and this Final Order Approving Class Action Settlement and Judgment ("Court's Final Order and Judgment"), consistent with the Court's Preliminary Approval Order ("Preliminary Approval Order"), filed and entered October 22, 2024, and as set forth in the Joint Stipulation of Settlement and Release in the Action, and due and adequate notice having been given to all Class Members as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court adopts the defined terms in the Joint Stipulation of Settlement and Release on file herein (referenced below as the "Settlement" or the "Agreement").

2. This Court has jurisdiction over the subject matter of this litigation and personal jurisdiction over the named-Plaintiff, all settlement class members, and Defendant.

3. The Court confirms as final the following settlement class pursuant to Fed. R. Civ. P. 23: "all hourly paid non-overtime exempt persons employed by Defendant in the state of Nevada who earned less than 1 ½ times the applicable minimum wage and who worked over eight (8) hours in a twenty-four (24) hour period and were not paid overtime properly in accordance with Nevada law at any time from November 24, 2018 until October 22, 2024."

4. The Court confirms the appointment of Brenda Brady as the Class Representative and the enhancement payment of $15,000.00 to Brenda Brady, as set forth in the Settlement.

5. The Court confirms the appointment of Christian Gabroy, Esq., and Kaine Messer, Esq., of Gabroy | Messer as class counsel for the settlement class and approves their requests for attorneys' fees of $675,000.00.

6. The class notice was distributed to class members, pursuant to this Court's orders, and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and any other applicable law.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court grants final approval to this Settlement and finds that the settlement is fair, reasonable, and adequate in all respects, including the attorneys' fees, costs, and enhancement award provisions. The Court specifically finds that the settlement confers a substantial benefit to settlement class members, considering the relative strength of plaintiff's claims and defendant's defenses and the risk, expense, complexity, and duration of further litigation. The response

of the class supports settlement approval. No class members objected to the settlement and only three requested exclusion from the settlement. The Court further finds that the settlement is the result of arms'-length negotiations between experienced counsel representing the interests of both sides, which supports approval of the settlement in accordance with the standards set forth in the joint motion for final approval of settlement.

8.  Distribution of the Notice and the Claim Form directed to the Class Members as set forth in the Settlement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and as otherwise set forth in the Settlement. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included within the Settlement and the Court's Final Order and Judgment.

9.  The Court hereby finds the Settlement was entered into in good faith. The Court further finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement.

10. The Court finds that, as of the date of this Order, each and every class member has waived and released claims as set forth in the Settlement and Notice of Proposed Settlement and Hearing Date for Court Approval (the "Notice").

11. The Court finds that the Claims Administrator ILYM Group, Inc. is entitled to $14,250.00 for administrative fees.

12. As of the date of the Court's Final Order and Judgment, each and every Class Member is and shall be deemed to have conclusively released the Released Claims as against the Released Parties. In addition, as of the date of

the Court's Final Order and Judgment, each Class Member who has not submitted a valid request for exclusion is forever barred and enjoined from instituting or accepting damages or obtaining relief against the Released Parties relating to the Released Claims.

13. Neither the Settlement nor any of the terms set forth in the Settlement is an admission by the Released Parties, nor is the Court's Final Order and Judgment Dismissing a finding of the validity of any claims in the Action or of any wrongdoing by the Released Parties. Neither the Court's Final Order and Judgment, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission by or against the Released Parties, of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by the Released Parties, and shall not be offered in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of the Court's Final Order and Judgment, the Settlement, the Released Claims, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action, or submit in any other proceeding, the Court's Final Order and Judgment, the Settlement, and any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

14. The Court hereby enters judgment in the Action, as of the date of entry of the Court's Final Order and Judgment, pursuant to the terms set forth in the Settlement. Without affecting the finality of the Court's Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the

interpretation, implementation and enforcement of the Settlement, and all orders entered in connection therewith.

15. Provided the Settlement becomes effective under the terms of the Settlement, the Court directs the parties to effectuate the settlement terms as set forth in the Agreement and the Preliminary Approval Order. Consistent with the Agreement and Preliminary Approval Order, the Defendant shall fund the settlement account opened and maintained by the Claims Administrator with the appropriate amount due under the Agreement no later than five (5) business days after the Effective Date, as defined in the Agreement, and the Claims Administrator shall calculate and pay the claims of the Participating Class Members in accordance with the terms set forth in the Agreement and Preliminary Approval Order.

16. The Complaint is dismissed with prejudice. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**:

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2025